MILLS *v.* SURRATT.

Opinion delivered April 11, 1932.

*George W. Clark,* for appellant.

*George F. Hartje,* for appellee.

KIRBY, J. Appellants brought this suit for the balance claimed to be due under a lease-with-option-to-purchase contract and asked for a receiver to take charge of a crop of corn raised on the premises and sell same, and out of the proceeds pay the debt to plaintiff with costs, etc.

The lease or rent contract was filed as an exhibit to the complaint, and the testimony shows that the lessees had not attempted to carry out the option contract, and it was undisputed that $185 was due under the rent contract. Defense was made on the ground that the lessors had agreed to accept in payment of the rent corn at $1 per bushel, and a written memorandum, signed by the lessor, was introduced in evidence, which reads as follows:

"I will pay J. H. Surratt $1 per bushel for good, sound corn delivered to my barn in Conway on this land payment contract to 1933. 4-12-28. W. B. Mills."

The appellees contended that they had the right to pay the rent in corn, and offered the memorandum in support of it. Appellants denied having given him any such right, and insisted that the memorandum was only an agreement to accept corn at $1 per bushel "on this land payment contract to 1933"; that no corn had been tendered upon the contract for payment of the land, nor had any payments thereon ever been made. There was some other testimony introduced about the meaning of the contract, which was objected to as an attempt to change or vary the terms of a written contract by parol testimony.

The memorandum does not appear to be ambiguous, nor uncertain in meaning, and the court should have construed it in accordance with its obvious meaning, an agreement to accept the corn on the land payment contract. The uncontradicted testimony shows that no payments were made on "the option-to-purchase contract," nor was any tender made of the corn under said option contract; and the court erred therefore in holding that the memorandum signed by the lessor bound him to the acceptance of corn at $1 per bushel in payment of the rent for the land, and in effect requiring a specific performance of it by him.

The burden of proof was upon appellees, and the court's finding was contrary to the weight of the testimony.

There is no merit in appellees' contention that the record does not contain all the testimony heard in the trial. According to the decree and the chancellor's certificate, it contains the evidence taken in open court in the hearing of the cause, and "the same is by the chancellor found correct" and signed and approved as constituting the bill of exceptions and transcript in the case. It makes no difference that this certificate of the chancellor appears below his signature to the decree and order granting the appeal, since it is in the transcript before the clerk's certificate of authentication thereof.

The decree is accordingly reversed, and the cause remanded with directions to enter a decree in accordance with this opinion for the amount of the rent due, less the proceeds of the sale of the corn attached. It is so ordered.